UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MICHAEL J. PREWITT, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:18-cv-00259-GFVT |
| ) | |
| v. ) | |
| ) | |
| DANNY PREWITT and ) | **MEMORANDUM OPINION** |
| SHARON PREWITT, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Michael J. Prewitt is a resident of Corbin, Kentucky. Proceeding without a lawyer, Prewitt filed a document with this Court titled "Notice of Petition; and Verified Petition For Warrant of Removal" [R. 1] along with a Motion for Leave to Proceed *in Forma Pauperis* [R. 2].

As an initial matter, the Court will grant Prewitt's fee motion and allow him to proceed as a pauper. That is because the financial information Prewitt has provided indicates that he lacks enough assets or income to pay the filing and administrative fees in this case. That said, the Court has conducted an initial review of Prewitt's case pursuant to 28 U.S.C. § 1915(e)(2), and it is clear that his submission is frivolous.

Years ago, Prewitt filed a complaint in state court alleging that "his brother and sister-in-law improperly transferred title of his vehicle and refused to return certain items of personal property, thereby committing tortious acts of conversion and trespass to chattels." [R. 1-1 at 4]. Prewitt's brother and sister-in-law moved for summary judgment, arguing that "transfer of title occurred with Michael's knowledge and permission. As evidence, they pointed to transfer documents and the deposition of . . . the loan officer involved in the transfer." [*Id.*]. That loan officer stated that Prewitt "attended the transfer of title and signed the transfer documents." [*Id.*].

The trial court granted summary judgment in favor of Prewitt's brother and sister-in-law, and it denied Prewitt's subsequent motions to set aside the order and vacate the grant of summary judgment. [*Id.* at 5]. Prewitt appealed, but the Kentucky Court of Appeals affirmed the trial court's order. [*Id.* at 9]. Then, in September 2018, the Kentucky Supreme Court entered an order denying Prewitt's motion for discretionary review. [*Id.* at 2].

In an apparent response to the Kentucky Supreme Court's decision, Prewitt filed a document with this Court titled "Notice of Petition; and Verified Petition For Warrant of Removal." [R. 1]. In Prewitt's submission, he cites numerous federal statutes, including but not limited to 28 U.S.C. § 1446. That statute, however, lays out the procedure *defendants* may use to remove an ongoing civil action from state court to federal court. Here, Michael Prewitt was the *plaintiff* in state court and, in any event, the state courts fully resolved his claims. While Prewitt obviously disagrees with the result reached, he has not identified any legal authority that would allow him to collaterally challenge the state courts' decisions by filing a new action in this court. Simply put, Prewitt's submission is procedurally improper and, thus, unavailing.

Accordingly, it is **ORDERED** as follows:

1. Prewitt's Motion for Leave to Proceed *in Forma Pauperis* [R. 2] is **GRANTED**. Payment of the filing and administrative fees in this case is **WAIVED**.

2. Prewitt's claims [R. 1] are **DISMISSED**, and this action is **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 7th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge